Dear Mr. Reneau:
This office has received your request concerning an opinion regarding the legality of one-party consent to audiotaped conversations. Specifically, you asked whether there are any measures Louisiana Tech University may take under state and/or federal law to discourage one-party consent audiotaped conversations without infringing on individual rights.
The controlling decision by the Louisiana Supreme Court regarding the constitutionality of one-party consent audiotaped conversations was rendered in State v. Reeves, 427 So.2d 403 (La. 1983). On the rehearing of the case, the court held that the use of electronic surveillance equipment, hidden from view on the person of a consenting party to a conversation, does not invade the privacy of the other party or parties to the conversation within the meaning of the Louisiana constitutional provision relating to a person's privacy rights.
In this case, Reeves, the defendant in a criminal case, was involved in a conversation which was surreptitiously taped by an acquaintance of Reeves. The conversation regarding Reeves' allegedly illegal activity, and the tape was subsequently turned over to authorities who arrested Reeves based on the conversation. Reeves argued that the seizure of his oral communication violated Article I, Section 5 of the Louisiana Constitution. The Supreme Court held that by entering into a conversation, a person should realize that any party to the communication may violate the confidence of the communicator by disclosing to others. The court stated, "Though the violation of a confidence is rarely contemplated by the declarant, his knowledge of the risk (disclosure) is ever present and destroys his subjective expectation that the communication will forever remain a secret (private)." Reeves, 427 So.2d 416 (La. 1983).
The state statute most applicable to this situation is Louisiana Revised Statutes 15:1303 which states in pertinent part:
C. (4) It shall not be unlawful under this Chapter for a person not acting under color of law to intercept a wire or oral communication where such person is a party to the communication or where one of the parties to the communication has given prior consent to such interception, unless such communication is intercepted for the purpose of committing any criminal or tortious act in violation of the constitution or laws of the United States or of the state or for the purpose of committing any other injurious act.
Thus, one-party consent audiotaped conversations are allowed by both the Louisiana Constitution and the Louisiana Revised Statutes.
The Louisiana statute on this subject was patterned after the federal statute 18 U.S.C. § 2511 which states in pertinent part:
(2)(d) It shall not be unlawful under this chapter for a person not acting under color of law to intercept a wire, oral, or electronic communication where such person is a party to the communication or where one of the parties to the communication has given prior consent to such interception unless such communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or of any State.
The statute clearly reads that a party may record another person's conversation as long as one of the parties has consented to the recording.
It is the opinion of this office therefore, that one-party consent audio taping of conversations is legal under the applicable Louisiana and federal law, as long as the taping is not done for the purpose of committing any criminal, tortious or other injurious act.
Should you have any further questions, please do not hesitate to contact this office.
Sincerely,
 Richard P. Ieyoub Attorney General
 By: James C. Hrdlicka Assistant Attorney General La. Atty. Gen. Op. No. 96-183, 1996 WL 462329
(La.A.G.)